IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

ROBERT DALE YOST,

    Plaintiff,

V.                                    CIVIL ACTION NO. 3:04-1296

PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
DR. KATINY, LARRY PARSONS, Administrator
of the Western Regional Jail, and STEVE CANTERBURY,

    Defendants.

## MEMORANDUM ORDER

      In this action, filed under the provisions of 42 U.S.C. § 1983, the plaintiff, Robert Dale Yost, has filed a complaint in which he alleges that, while incarcerated at the Western Regional Jail, the defendants failed to provide, or to see to the provision of, adequate medical care for problems he was having with urination and rectal bleeding. There are presently pending before the Court motions to dismiss or for summary judgment filed by defendants, responses filed by plaintiff and replies filed by defendants.

      While various grounds are set forth in the motions of defendants, all of the defendants contend that plaintiff has failed to exhaust administrative remedies and assert that his complaint should be dismissed. Copies of grievances, some related to plaintiff's medical condition and some to other matters, have been submitted by both plaintiff and defendants, and, while plaintiff's grievances were acted upon favorably in some instances and denied on other occasions, there are no records of an appeal by plaintiff of any decision on a grievance submitted by him. An affidavit

of Kimberly Mong, secretary to the Chief of Operations for the West Virginia Regional Jail and Correctional Facility Authority, who is responsible for keeping and maintaining inmate grievance and correspondence files, was submitted with the motion of Steven Canterbury and Larry Parsons. In her affidavit, Ms. Mong states that she has reviewed "the Inmate Correspondence and Grievance Appeal files" and based on her review determined "that inmate Yost has not filed any Inmate Grievance appeal concerning the subject matter of this case." Although plaintiff contends that he has tried in numerous ways to obtain the medical attention he believes he needs, he does not assert that he has ever <u>appealed</u> a denial of a grievance submitted to the administrator of the Western Regional Jail.

The Prison Litigation Reform Act of 1995 ("PLRA") prohibits inmates from bringing suits "with respect to prison conditions" under § 1983, "or any other Federal law," if "administrative remedies as are available" have not been exhausted. 42 U.S.C. § 1997e(a). Complaints about medical treatment, such as plaintiffs, are complaints about "prison conditions,"[1] and, as a consequence, exhaustion of administrative remedies, once a matter of discretion, is now mandatory under the statute even in cases where the relief available administratively is not the same as the relief sought in court. <u>Booth</u> v. <u>Churner</u>, 532 U.S. 731, 739-41 (2001). Moreover, "the PLRA exhaustion requirement requires proper exhaustion," <u>Woodford</u> v. <u>Ngo</u>, 548 U.S. 81, 93 (2006), "which 'means using all steps that the agency holds out, and doing so <u>properly</u> (so that the agency addresses the issues on the merits)'" <u>id</u>. at 90. Accordingly, an action complaining of prison conditions can be

---

[1]<u>Wilson</u> v. <u>Seiter</u>, 501 U.S. 294, 299 n.1 (1991) ("if an individual prisoner is deprived of needed medical treatment, that is a condition of <u>his</u> confinement ... .").

brought by a prisoner, under federal law, only if it is shown that there has been "compliance with" administrative "deadlines and other critical procedural rules ... ." Id.

As is set forth in the affidavit of Ms. Mong, the West Virginia Regional Jail and Correctional Facility Authority has an administrative process in place which contemplates filing a grievance with the jail administrator if an inmate has a "serious complaint or a significant problem." If dissatisfied with the administrator's decision, the inmate may appeal the decision, first to the Chief of Operations and then to the Office of the Executive Director of the Authority. While plaintiff clearly filed grievances concerning his medical care with the jail administrator, he has not appealed any of the administrator's decisions. Plaintiff has not, as a consequence, exhausted available administrative remedies as contemplated by § 1997e(a) and his complaint must be dismissed.

Based on the foregoing, the Court, concluding that plaintiff has failed to exhaust administrative remedies, will grant the motions of the defendants for summary judgment, dismiss this action without prejudice, and it is so **ORDERED**.

The Clerk is directed to transmit a copy of this Memorandum Order to plaintiff and all counsel of record.

ENTER: September 22, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE